IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TENNYSON HARRIS,

    Petitioner,

vs.

    CIVIL ACTION NO.: CV205-210

JOSE M. VASQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tennyson Harris ("Harris"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent has filed a Motion to Dismiss, and Harris responded. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Harris was convicted in the Middle District of Florida following a jury trial for conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846; he was sentenced to 240 months' imprisonment. Harris appealed, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Harris, 49 Fed. Appx. 288 (11th Cir. 2002). Harris filed a motion to vacate his sentence in the Middle District of Florida. That court denied Harris' motion. Harris appealed the denial, and the Eleventh Circuit denied him a certificate of appealability. (Doc. No. 8, p. 2.)

AO 72A
(Rev. 8/82)

Harris was also convicted in the District of Maryland following a jury trial for conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 846. (8:00-cr-00253.) Harris was sentenced to 360 months' imprisonment. The first 120 months of this sentence were to run concurrently with his sentence obtained in the Middle District of Florida, and the remaining 240 months were to run consecutively to his Middle District of Florida sentence. Harris appealed. The Fourth Circuit Court of Appeals affirmed Harris' conviction but vacated and remanded his sentence, finding that Harris' sentence was longer than the 240 month maximum sentence which could have been imposed based solely on the facts found by the jury. United States v. Harris, 160 Fed. Appx. 312, 315 (4th Cir. 2005).

In the instant petition, Harris contends that he is a Jamaican national and that authorities in the Middle District of Florida and District of Maryland violated Article 36 of the Vienna Convention on Consular Relations ("VCCR") by not informing him of his rights upon his arrests. Harris also contends that these authorities violated his rights by not informing the Jamaican government that a Jamaican citizen had been arrested. (Doc. No. 1, pp. 2, 4.) Respondent asserts that Harris does not satisfy the savings clause of 28 U.S.C. § 2255, and accordingly, this petition should be dismissed.

## DISCUSSION AND CITATION OF AUTHORITY

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his

2

AO 72A
(Rev. 8/82)

detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Harris has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, as he asserts that he is in custody in violation of the treaties of the United States. (Doc. No. 1, p. 7.) Harris contends that, because the remedy under § 2255 provides relief only to those persons in custody in violation of the Constitution or laws of the United States, the remedy afforded by section 2255 is inadequate or ineffective to test the legality of his confinement. Harris also contends that section 2255's remedy is inadequate or ineffective to test the legality of his confinement because he is confined pursuant to the judgments of two courts, neither of which is capable of granting him complete relief. (Id.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (noting that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

Harris avers that Cohen provides support for his contention that the remedy afforded by section 2255 is inadequate or ineffective. In Cohen, the petitioner was serving three concurrent fifteen year sentences obtained via plea agreements in three separate districts. Cohen, 593 F.2d at 768. The petitioner filed a petition for writ of habeas corpus pursuant to section 2241, contending that the Government violated his plea agreements regarding "certain information . . . conveyed to parole authorities." Id. at 767. The Sixth Circuit Court of Appeals found that section 2241 was the proper vehicle for the petitioner's requested relief because he was challenging the manner of the execution of his sentence rather than the sentence imposed. Id. at 770. The Sixth Circuit court noted that section 2255 "has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence. The latter claim is cognizable solely under [section] 2241." Id. (internal citation omitted). Harris' allegations are properly classified as having arisen from the *imposition* of his sentences

4

rather than the *execution* of his sentences; thus, his claims are not properly brought pursuant to section 2241.

The Court will assume, without deciding, that section 2255 is not the appropriate vehicle for Harris to use to bring his claims, as this statute does not mention the word "treaty." "The [United States] Supreme Court has noted 'the Vienna Convention . . . arguably confers on an individual the right to consular assistance following arrest.'" Darby v. Hawk-Sawyer, 405 F.3d 942, 946 (11th Cir. 2005) (quoting Breard v. Greene, 523 U.S. 371, 378, 118 S. Ct. 1352, 1355, 140 L. Ed.2d 529 (1998)). "However, the Supreme Court also pointed out even were such claims properly raised and proved, it is extremely doubtful that the violation should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial." Id. (internal quotation and citation omitted). Harris fails to allege that the purported VCCR violations had any effect on either of his trials. Harris is not entitled to his requested relief based on this contention. The next question is whether Harris can satisfy the savings clause of section 2255 in order to proceed under section 2241.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

5

AO 72A
(Rev. 8/82)

Wofford, 177 F.3d at 1244. Harris does not allege in his petition that his requested relief is based on a retroactively applicable decision of the Supreme Court, nor does he allege that the laws of this circuit or the Fourth Circuit prevented his claim at a previous time. Harris had opportunities to raise his claims on previous occasions. Simply because he failed to do so or because the courts entertaining his claims found them to be without merit does not render § 2255's remedy inadequate or ineffective. Harris does not satisfy the savings clause of § 2255.

Harris cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Harris is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and that Harris' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE