IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TENNYSON HARRIS,

    Petitioner,

vs.                           CIVIL ACTION NO.: CV205-210

JOSE M. VASQUEZ, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Harris asserts that this Court has the duty to make a factual determination as to whether 28 U.S.C. § 2241 applies to a treaty violation. Harris also asserts that this Court should take judicial notice that the United States Supreme Court recently heard arguments in two similar cases[1] to determine what remedy a foreign national has when he has been denied consular access. Harris

---

[1] The Court notes that the United States Supreme Court recently heard oral arguments in Sanchez-Llamas v. Oregon, Docket No. 04-10566, and Bustillo v. Johnson, Docket No. 05-51. However, unlike Harris, the petitioners in those cases made arguments that their rights under the Vienna Convention were violated during a pre-trial motion to suppress (Docket No. 04-10566, Pet'r's Br., p. 6); on appeal (id. at 7; Doc. No. 05-51, Pet'r's Br., p. 8); and during state habeas proceedings. (Id. at 9.) It is highly unlikely that the decision the Supreme Court issues for these two cases will impact this Court's disposition of Harris' petition. Harris raises as an issue for the first time in the instant proceeding that his rights under the Vienna Convention were violated.

AO 72A
(Rev. 8/82)

asserts that this Court should hold this matter in abeyance until the Supreme Court renders its decisions in these cases. Harris contends that he was prejudiced due to alleged violations of the Vienna Convention because he did not understand the proceedings and the indictment was not properly found by a grand jury.

As the Magistrate Judge noted, Harris filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida. In that motion, as amended, Harris asserted that: he received ineffective assistance of counsel; the Government violated the holding of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed.2d 215 (1963); all of the elements of the offense were not proven beyond a reasonable doubt; the trial court lacked subject matter jurisdiction over him because the indictment was not returned in open court (8:03-CV-2643, Doc. No. 1, pp. 5-6); the trial court improperly used a conviction which was not final to enhance his sentence; and he was denied a fair and impartial trial. (8:03-CV-2643, Doc. No. 5, p. 16.) The trial court denied Harris' motion, and the Eleventh Circuit Court of Appeals denied him a certificate of appealability. Harris did not raise any alleged violations of the Vienna Convention on Consular Relations in his previously filed motion. His attempt to do so now is not permitted, as it appears that he is circumventing "the successive [section 2255] motion restrictions . . . by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (noting that a petitioner who has filed and been denied a previous section 2255 motion may not circumvent the Antiterrorism and Effective Death Penalty Act's

2

restrictions to filing a successive § 2255 motion by filing a petition under section 2241).

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Harris' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this ___ day of ___April___, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)